

FILED BY_____.D.C.

SEP 3 0 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

United States District Court
Southern District of Florida

Case No. 15-24012-CV- Altonaga
Magistrate Judge Reid

Joseph Harvey

v.

United States of America et al.

## Motion For Summary Judgment

1. Pursuant to Fed. R. Civ. P. 56, plaintiff moves this honorable court to grant summary judgment on all claims against all defendants because there is no genuine issue of material fact.

A motion for summary judgment should be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), by its very terms, this standard provided that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary

judgment; the requirement is that there will be no genuine issue of material fact. Anderson v. Liberty Lobby, inc., 477 U.S. 242, 247-48, 106-S. Ct. 2505, 91 L. Ed. 2d 202 (1986); see also Matsushita Elec. Indus. Co, v. Zenith Radio Corp., 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) An issue of fact is genuine if the record taken as a whole could lead a rational trier of fact to find for the non moving party.

Claudia Angel

2. On Oct 5, 2011, Postal Inspector Claudia Angel hereinafter reffered to as Angel stopped plaintiff, his wife and 5yr old daughter and arrested Joseph Harvey and his wife, Anja Kannell, hereinafter reffered to as Harvey and Kannell. Angel and 2 unknown postal inspectors placed Harvey and Kannell in separate police cars and drove them to a post office in West Palm Beach, Fl, approx, 5 miles from the scene of arrest. They kept Harvey outside in the police car and took Kannell into the post office. Approx. 1 hour later Harvey saw his car drive into the post office parking lot by Angel and unknown inspectors. Harvey and Kannell are then taken to FDC Miami and held there. According to the search warrant that Angel got for the car on Oct 24, 2011, the car

was moved from West Palm Beach to a post office in Miami, Fl. on Oct 6, but the warrant does not state how it got to Miami. The warrant also states that an inventory search was performed on the car on Oct 6 but it does not state in the warrant or any where in the record how it was performed, no inventory list was taken, or what procedures were used. This inventory search was not done by known established procedures and is therefore a 4th amendment violation. The record of this case, criminal and civil proves it so there can be no genuine dispute or issue of material fact.

## Abuse of Process

Abuse of process involves the use of criminal or civil legal process against another to accomplish a purpose for which it was not designed. Angel used the inventory search to commit conversion and civil theft of the car. She also used it to commit the 4th amendment violation. Angel converted the property in the car and the car. She also had the intent to commit theft because they were gone some where in the car for at least an hour after driving it from the scene of arrest and also on Oct 6 when it was taken to Miami and its not in the record how it got to Miami.

## Conversion

After plaintiffs arrest on Oct 5, 2011, Angel converted plaintiffs car to her dominion, unauthorized. She also converted items that were in the car that were never put on the record.

## Civil Theft - Fla Stat. 812.014

One who appropriates the property of another to his own use or to the use of any person not entitled to the use of the property commits a theft. The mental state required under the Civil theft statue is to act with the intent to permanently deprive plaintiff of property that was rightfully belonging to plaintiff. Damages awarded for civil theft and conversion awards treble damages under Fla Stat 772.17

## 4th amendment violation - Storage unit

On Oct. 22, 2011 at 1:27 pm, Angel called public Storage where Harvey and Kannell were renting a storage unit and told them that Harvey and Kannell were under federal investigation and were arrested. Angel said she did not want anyone to have access to the unit. Angel said that she would fax over documents to support what

she was saying. (Exhibit A). No "documents were ever sent to public storage. On the same day at 2:23pm, Haney and his daughter, April Kannell called public storage to get access to the unit to retrieve items for his 5 year old daughter, Storage would not do it. On Nov, 2, 2011, Angel called storage saying she was still trying to finalize the warrant. Angel never finalized it. The rent on the unit was paid up until Nov, 6, 2011. (See Exhibit B.) Angel violated plaintiffs 4th amendment by telling storage employees to not let anyone have access to the unit even though the rent was current.

### Conversion and Civil theft - Fla Stat. 812-014

Angel converted the storage unit items when she told storage to not let anyone have access to it. She also committed civil theft when she made it available for her use or public storages use, and they were not entitled to the use of it. She did it knowing that she was committing theft, it was not an inadvertent mistake.

### Fla Stat 772.11

This statue awards treble damages to a plaintiff who proves civil theft or conversion. Angel committed

civil theft and conversion and she did it with total disregard of plaintiffs rights, and with recklessness.

## Negligence

Under Fla Stat 768.72, intentional misconduct means the defendant had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage. 768.72 (2)(a) Gross negligence means that the defendant conduct was so reckless or wanting in care that it constituted the concious disregard or indifference to life, safety, or rights of persons exposed to such conduct 768.72 (2)(b) Angel knew the laws, she knew what she was doing was wrong but she continued on the course with concious disregard.

## Laptop Computers – 4th Amendment violation

Around Nov. 22, 2011, Angel went to April Kannells fiaces mothers home and took 3 laptops from April. April told Angel that the laptops were pass word

protected, (Only Harvey Knew the passwords) but
Angel seized them anyways, (see first day of trial
transcripts, suppression hearing) April could not
consent to giving Angel the laptops because they
were password protected by Harvey. This was a 4th
amendment violation.

Jan Smith and Leonardo Spitale helped facilitate
this violation by ~~asking~~ not asking the Court for
a suppression hearing, Harvey and Kannell requested
one from the Court. The Court granted Kannell a
hearing and not Harvey, Only Harvey had standing for a
hearing.

Florida and Federal Rico Act

16. The following defendants performed or furthered and helped facilitate the following criminal activity, Aiding and abetting (18 U.SCS 2), Wire fraud (18 USCS 1343), Mail fraud (18 USCS 1341), Civil theft (812.014 Fla. Stat.), Fla. Rico (Fla Stat. 772.103.9, 772.102 (4), Federal Rico (18 USC 1962 (c) 18 USC 1964 (c), and Fraud.

17. On Oct 5, 2011, Harvey and Kannell were arrested as they were driving by Angel and 2 unknown Postal Inspectors. Harvey and Kannell were placed into police cars and Angel and the other Postal Inspectors drove off in Harveys car.

18. Approx. one hour later Harvey was sitting in the back of a police car in the parking lot of a post office in West Palm Beach, Fla. This post office was approx. 5 miles from the scene of arrest. Harvey saw Angel and the other inspectors exit the vehicle and go into the post office.

19. On Oct. 6, Angel states that the car ended up in a postal facility in Miami, Fl. She does not

state the method that was used to get the car to Miami. Angel also states in the search warrant for the car that an inventory search was performed on Oct. 6. She neither the warrant states how the inventory search was performed, nor has she ever said how it was performed. No inventory list was done at this inventory search on Oct. 6. When Angel and the inspectors took the car on Oct 5, they did it with criminal intent to get what they wanted out of the car, to put into the car, "evidence" to convict Harvey and Kannell of criminal charges. These things caused the cell phones to be used, and the warrant faxed and mailed as well as other documents, emailed to other defendants, Plaintiff was directly and indirectly damaged by these actions. Harvey and Kanell were convicted of crimes and lost possessions in the car and the car itself.

20. In Nov. 2011, Angel called Harvey and Kannells daughter, April Kannell, stating that she was concerned about their daughter, Aneisha Harvey, and that she wanted to see Aneisha in person. April Kannell told Angel to meet her at her fiances mothers home where they were residing. Angel and unknown inspectors arrived at the home and asked April about laptops that only

Harvey had the passwords to. April told them that the laptops were password protected but the inspectors took them anyway. The laptops were taken with criminal intent because the inspectors knew that April could not give consent to laptops that were protected by passwords. Cell phone, emails, faxes, and mails were used to further and facilitate this scheme, of fraud and other criminal acts. Plaintiff was damaged by the loss of his laptops and the info that was on them.

21. On Oct. 22, 2011, Angel called public storage where Harvey and Kannell were renting a storage unit and told them to not let anyone into the unit. Public storage, then locked the unit and disabled the gate code. (See public storages call log) On the same day Harvey and April Kannell called public storage and requested access to the unit. They were denied access even though the rent was current. Angel called again and said that she would fax documents to public storage, e.g., warrant, seizure order. Angel never did fax them. Harvey requested to have 2 checks sent from his inmate account after calling storage on Dec. 26, 2011, and they telling him his unit would be auctioned if Nov. and Dec. payments were not paid. On Dec. 26, 2011, Harvey sent 3 checks from his account, one of which was

a payment for storage. The public storage check never made it to them but the other two checks made it to their destinations. Harvey then sent another check to storage and it never made it to them either. Because of this fraudulent scheme Harvey and Kannell lost every thing that was in the unit when it was sold at auction on Jan 17, 2012.

On about Jan 27, 2012, Harvey and Kannell had a status hearing for their criminal trial. On Jan 24, 2012, public storage call log states that the buyer of the storage unit items gave some of the things in the unit to Angel. At the status hearing in the criminal trial Judge King said that he was contemplating dismissing the indictment against Harvey and Kannell because of lack of evidence. The prosecutor Thomas Watts-Fitzgerald pleaded with the court not to dismiss saying he had other evidence. Attorneys Jan Smith and Spitale then proceeding to ask the court for a continuance, which was granted.

22. Thomas Watts-Fitzgerald furthered and facilitated the criminal schemes by not telling the court or the O.P.R. what was going on. It is his job as prosecutor to know and abide by the law, and to make sure that the people working for him and with him do the same. He had plenty of opportunities to inform the

Court about the schemes but did not. At the status hearing where he told the Court that he would have "more evidence", he was referring to the storage unit because he superceded the indictment a couple weeks after, using the evidence he supposedly obtained from the buyer of the unit who gave it to Angel one week after he bought it. At trial in June 2012, Fitzgerald stated that Elaine Somma, the court reporter for the grand jury hearing, lost the parts of the transcripts which pertained to the storage unit so nobody was able to see what was said and who said it. Fitzgerald knowingly helped Angel perform these schemes and caused damage to Harvey and Kannell as Angel did. He also used or caused the mails, emails, faxes, cell phones to be used in these schemes.

23. Public Defender Jan Smith helped further and facilitate these schemes. He would not motion the Court for suppression hearings and also would not tell the Court about the criminal schemes. At the status hearing where the Court said it was thinking about dismissing the in-dictment Smith said nothing but proceeded to motion for a continuance. Smith knowingly aided and abetted the government and the defendants perpetrate these schemes.

24. Spitale did basically the same as Smith. When Harvey and Kannell asked them what they were gonna do about the illegal schemes they said that they would not go against the government. Spitale went on to file Kannells direct appeal in which he filed frivolous claims. If Kannell would have won, Harvey would have won because of it. Spitale worked knowingly with other members in the schemes to damage Harvey and Kannell. With his "37 years of experience" he knew what he was doing was unlawful. Spitale used the emails, phones, faxes and mails to help further the schemes.

25. Elaine Somma was the court reporter at Harvey and Kannells grand jury hearing. In June 2012, at Harvey and Kannell trial, Fitzgerald was asked by the Court what happened to the grand jury transcripts relating to the storage unit. (please see trial transcripts) Fitzgerald told the Court that Somma told him that the transcripts were destroyed even though the system she uses is full of redundancys. Fitzgerald claims he never recieved the transcripts. Did Ms. Somma destroy them? Did she lose them? Is Fitzgerald lying about them being destroyed? Ms. Somma has the answers as to whether she aided and abetted these schemes or is she an innocent bystander being lied upon.

26. On 12-26-11, Harvey requested a check from his inmate account sent to public storage for the rent from Nov. and Dec, 2011. 24 days later Harvey found out that this check was never sent out, even though 2 other checks that were sent to other recipients on the same day made it to their destinations. Harvey sent another check to public storage and after 17 days that check still had not made it there. The BOP trust fund aided and abetted and facilitated these unlawful schemes and damaged Harvey and Kannell by making a way for the items in the storage unit to be sold. The mails, phones, emails were used to further these schemes. The BOP unit counselor was supposed to sign off on the checks and forward them to the trust fund. If for whatever reason a BP-199 check cannot be sent, it is policy to return it to the inmate with the reason listed. This was never done.

27. These defendants have continued to engage in a pattern of racketeering conduct in these schemes that has been ongoing from Oct. 2011 to present and they will continue into the future. All of the injuries sustained are a direct result of these defendants actions while trying to protect their unlawful organization.

## Damages

A. 4th amendment violation for vehicle inventory search and Conversion; abuse of process

Compensatory Damages: $18,000,000.00

Punitive Damages: $36,000,000.00

Treble Damages

Pre Judgment Interest: At Fla rate per annum

Costs: $1,500.00

B. 4th amendment violation for contents of storage unit, Conversion and civil theft, abuse of process:

Compensatory Damages: $50,000,000.00

Punitive Damages: $100,000,000.00

Treble Damages:

Pre Judgment Interest:          Costs: $2000.00

Even where defendants conduct is uncovered a defendant should not recieve credit or benefit of the doubt for any purported halt to their schemes. A fortuitous interruption, even like an arrest, does not stop the threat of continuity where the enterprise of which the defendant was a member could continue the criminal activity. Still unto this date the defendants are still trying to keep their schemes un-exposed.

Joseph Harvey - Pro Se
9-23-19

I, Joseph Harvey, hereby declare that everything in this pleading is true.

Joseph Harvey - Pro Se
9-23-19

Certificate of Service

Copies of this pleading wee sent by 1st class U.S. mail on 9-23-19 to: Avery Dial, 100 SE 3rd ave., suite 1500, Ft. lauderdale, Fl. 33394 - Kerin Wherry, 44 E. 4th st., Miami, Fl. 33132 - Marshall Louis, 40 N. W. 3rd. st, suite 200, Miami, Fla. 33128 - Lee Kraftchick, 5350 SW 76th St., Miami, Fl. 33143

Joseph Harvey - Pro Se
9-23-19

JOSEPH HARVEY, SR. was a tenant as defined by Florida Statute §83.803(4).

- ANJA KANNELL was not a "tenant" as defined by Florida Statute §83.803(4).

- Pursuant to Florida Statutes §83.805 PUBLIC STORAGE has a lien upon all personal property, <u>whether or not owned by the tenant</u>, located at the self-storage facility for rent and other charges.

- Defendant, PUBLIC STORAGE, has complied with the enforcement of the lien for failure to pay monthly rent on the unit pursuant to Florida Statute §83.806.

- JOSEPH HARVEY failed to pay his monthly rent for November and December, 2011 and January, 2012 and PUBLIC STORAGE properly enforced its lien by auctioning the contents of unit 1003 on January 17, 2012.

- Notice of Enforcement of Lien was mailed to Plaintiff on December 5, 2011 for failure to pay November and December, 2011 rent.

- Notice of Public Sale was published in the South Florida Business Journal on December 30, 2011 and January 6, 2012 for JOSEPH HARVEY, unit 1003.

- The Statement of Account After Sale dated January 18, 2012 confirms that the contents of unit 1003 were sold at public sale for $1,750.00.  The account had a balance due of $843.80 and a $99.00 Lien Sale Fee.  Thus, Plaintiff

4850-2277-3575.1

was owed $807.20.  PUBLIC STORAGE held the balance, without demand from the tenant, for 2 years after the date of sale at which time the proceeds were deemed abandoned pursuant to Florida Statute §83.806(8).

Pursuant to Florida Statute §92.525, under penalty of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

DATED this ⌐ day of April, 2017.

Lambert Holm, Senior Area Manager



Location: MIM

12-26-11

T OF JUSTICE
RISONS

s Personal Funds

To whom it may concern

This is a receipt for my
storage unit where i sent
a Cashers check for $868.75
It takes the check 7-10
business days to process, n
get to o. I am in federal prison
n this is the only way i can
pay my bills right now.

Thank you,
Joseph Harvey

← Address change

ance No.:  395

e to be paid to:

HARVEY, JOSEPH
egister N⁰ Name)

(Payment #)

unt indicated above.

This is the envelope that plaintiff Harvey copied
and sent to storage facility with his return
address to let storage know that this is the address change
Storage facility erased or some body erased the Jails
address but you can still see the zip code of the
sent to address. Appears they copied it that way.

BP - 199.045 - Jan 2008

Date:   05/01/2012                                                                                    Location: MIM
Time:   08:12:00 PM

## Federal Bureau of Prisons
## TRULINCS Account Transactions - Commissary
## Personal Inmate Information

| Date | Reference # | Transaction Type | Sender Last name | Amount |
|------|-------------|------------------|------------------|--------|
| 01/05/2012 | 386 | Gift | | -$150.00 |
| 01/05/2012 | 386 | BP 199 Request - Released | | $150.00 |
| 01/05/2012 | 342 | Release Funds | | -$250.00 |
| 01/05/2012 | 342 | BP 199 Request - Released | | $250.00 |
| 01/05/2012 | 428 | BP 199 Request | | -$250.00 |
| 01/03/2012 | TL0103 | TRUL Withdrawal | | -$2.00 |
| 01/03/2012 | 400 | BP 199 Request - Released | | $250.00 |
| 01/03/2012 | TL0103 | TRUL Withdrawal | | -$5.00 |
| 01/03/2012 | TL0103 | TRUL Withdrawal | | -$2.00 |
| 01/01/2012 | TL0101 | TRUL Withdrawal | | -$2.00 |
| 01/01/2012 | TFN0101 | Phone Withdrawal | | -$3.00 |
| 01/01/2012 | TL0101 | TRUL Withdrawal | | -$2.00 |

*[handwritten annotation: gave all these checks to BOP Counselor on the same date - these made it to their destinations.]*

Inmate #: 95553004

## Federal Bureau of Prisons
## TRULINCS Account Transactions - TRUFONE
## Personal Inmate Information

| Inmate No: 95553004   Inmate Name: HARVEY, JOSEPH | | Available Balance: $369.32 | | |
|---|---|---|---|---|
| Date/Time | Transaction Type | Dialed Digits | Minutes | Amount |
| 12/29/2011 8:21:46 PM | Call | 8179873845 | 14 | -$3.22 |
| 12/26/2011 12:29:58 PM | Call | 9547845784 | 8 | -$0.48 |
| 12/26/2011 12:29:53 PM | Local Transfer | 118 | | $5.00 |
| 12/16/2011 2:10:57 PM | Call | 4075019186 | 7 | -$1.61 |
| 12/14/2011 8:07:46 PM | Call | 8179873845 | 13 | -$2.99 |
| 12/11/2011 7:27:58 PM | Call | 8179873845 | 4 | -$0.92 |
| 12/11/2011 7:27:41 PM | Local Transfer | 118 | | $5.00 |
| 12/11/2011 3:19:46 PM | Call | 9046250609 | 10 | -$2.30 |
| 12/11/2011 1:30:46 PM | Call | 8179873845 | 4 | -$0.92 |
| 12/10/2011 1:38:43 PM | Call | 8179873845 | 1 | -$0.23 |
| 12/7/2011 8:58:17 PM | Local Transfer | 118 | | $5.00 |
| 12/4/2011 6:41:57 PM | Call | 9549347980 | 2 | -$0.12 |
| 12/4/2011 2:17:31 PM | Call | 8179873845 | 15 | -$3.45 |

Calls

Dec. 26, 2011 was the 1st call after the Oct. 22, 2011 call, that he made to Public Storage to access the unit. The Dec. 26th call, Harvey, after finding out that storage unit was due for auction on 1-1-12, asked the employee if they could change the auction date from 1-1-12, She said she could change it to the 17th and did. So in the call logs where on Dec. 4th storage claims they changed the auction date on that date, they are lying.

Exhibit "H"

Inmate #: 95553004

Date:  03/05/2012            *Storage 1st Check Sent*            Location: MIM
Time:  02:00:51 PM

# Federal Bureau of Prisons
## TRULINCS Account Transactions - Commissary
### Personal Inmate Information

**Inmate No: 95553004   Inmate Name: HARVEY, JOSEPH            Available Balance: $1,313.47**

| Date | Reference # | Transaction Type | Sender Last name | Amount |
|------|-------------|------------------|------------------|--------|
| 01/03/2012 | TL0103 | TRUL Withdrawal | | -$2.00 |
| 01/03/2012 | 400 | BP 199 Request - Released | | $250.00 |
| 01/03/2012 | TL0103 | TRUL Withdrawal | | -$5.00 |
| 01/03/2012 | TL0103 | TRUL Withdrawal | | -$2.00 |
| 01/01/2012 | TL0101 | TRUL Withdrawal | | -$2.00 |
| 01/01/2012 | TFN0101 | Phone Withdrawal | | -$3.00 |
| 01/01/2012 | TL0101 | TRUL Withdrawal | | -$2.00 |
| 12/30/2011 | TL1230 | TRUL Withdrawal | | -$5.00 |
| 12/28/2011 | TL1228 | TRUL Withdrawal | | -$2.00 |
| 12/28/2011 | (401) *April* | BP 199 Request *— April — Sent* | | (-$150.00) |
| 12/28/2011 | 400 | BP 199 Request | | -$250.00 |
| 12/27/2011 | TL1227 | TRUL Withdrawal | | -$2.00 |
| 12/27/2011 | 209 | Sales | | -$22.15 |
| 12/27/2011 | 204 | Sales | | $0.00 |
| 12/27/2011 | TL1227 | TRUL Withdrawal | | -$2.00 |
| 12/27/2011 | TL1227 | TRUL Withdrawal | | -$2.00 |
| 12/26/2011 | (397) | BP 199 Request  *Storage 1st check — Sent* | | (-$868.75) |
| 12/26/2011 | 395 | BP 199 Request - Released | | $868.75 |
| 12/26/2011 | 396 | BP 199 Request - Released | | $1.00 |
| 12/26/2011 | 396 | BP 199 Request | | -$1.00 |
| 12/26/2011 | TL1226 | TRUL Withdrawal | | -$2.00 |
| 12/26/2011 | 395 | BP 199 Request | | -$868.75 |
| 12/26/2011 | TFN1226 | Phone Withdrawal | | -$5.00 |
| 12/25/2011 | TL1225 | TRUL Withdrawal | | -$2.00 |
| 12/23/2011 | TL1223 | TRUL Withdrawal | | -$2.00 |
| 12/23/2011 | TL1223 | TRUL Withdrawal | | -$2.00 |
| 12/22/2011 | TL1222 | TRUL Withdrawal | | -$2.00 |
| 12/21/2011 | TL1221 | TRUL Withdrawal | | -$2.00 |
| 12/21/2011 | (386) | BP 199 Request  *— Lucky — Sent* | | (-$150.00) |
| 12/20/2011 | 33305812 | Western Union | GELIN | $980.00 |
| 12/20/2011 | 83 | Sales | | -$145.20 |
| 12/19/2011 | TL1219 | TRUL Withdrawal | | -$5.00 |
| 12/18/2011 | TL1218 | TRUL Withdrawal | | -$5.00 |

*April and Lucky checks made it to their respective destinations while storage check did not. Storage check was out 24 days without being sent.*

Date:  03/05/2012
Time:  02:01:21 PM

# Federal Bureau of Prisons
## TRULINCS Account Transactions - Commissary
## Personal Inmate Information

Inmate No: 95553004   Inmate Name: HARVEY, JOSEPH            Available Balance: $1,313.47

| Date | Reference # | Transaction Type | Sender Last name | Amount |
|------|-------------|------------------|------------------|--------|
| 02/02/2012 | TL0202 | TRUL Withdrawal | | -$2.00 |
| 02/01/2012 | TFN0201 | Phone Withdrawal | | -$3.00 |
| 02/01/2012 | 83 | Sales | | -$86.75 |
| 01/31/2012 | 483 | BP 199 Request - Released  *2nd storage - released* | | ($869.00) |
| 01/30/2012 | TL0130 | TRUL Withdrawal | | -$2.00 |
| 01/28/2012 | TFN0128 | Phone Withdrawal | | -$3.00 |
| 01/28/2012 | TL0128 | TRUL Withdrawal | | -$2.00 |
| 01/27/2012 | TL0127 | TRUL Withdrawal | | -$2.00 |
| 01/27/2012 | TFN0127 | Phone Withdrawal | | -$3.00 |
| 01/25/2012 | TL0125 | TRUL Withdrawal | | -$2.00 |
| 01/24/2012 | TL0124 | TRUL Withdrawal | | -$2.00 |
| 01/24/2012 | 33 | Sales | | -$16.75 |
| 01/23/2012 | TL0123 | TRUL Withdrawal | | -$2.00 |
| 01/23/2012 | TFN0123 | Phone Withdrawal | | -$5.00 |
| 01/20/2012 | TL0120 | TRUL Withdrawal | | -$5.00 |
| 01/20/2012 | 428 | BP 199 Request - Released | | $250.00 |
| 01/19/2012 | TFN0119 | Phone Withdrawal | | -$5.00 |
| 01/19/2012 | 483 | BP 199 Request  *Storage 2nd check - 12 days - sent* | | ($869.00) |
| 01/19/2012 | 397 | BP 199 Request - Released  *Storage - 1st check - 24 days  released* | | ($868.75) |
| 01/18/2012 | TL0118 | TRUL Withdrawal | | -$5.00 |
| 01/18/2012 | 46 | Sales | | -$108.70 |
| 01/17/2012 | TFN0117 | Phone Withdrawal | | -$3.00 |
| 01/16/2012 | TL0116 | TRUL Withdrawal | | -$2.00 |
| 01/15/2012 | TL0115 | TRUL Withdrawal | | -$2.00 |
| 01/13/2012 | TFN0113 | Phone Withdrawal | | -$3.00 |
| 01/13/2012 | TL0113 | TRUL Withdrawal | | -$5.00 |
| 01/12/2012 | TL0112 | TRUL Withdrawal | | -$2.00 |
| 01/11/2012 | TFN0111 | Phone Withdrawal | | -$3.00 |
| 01/10/2012 | TL0110 | TRUL Withdrawal | | -$2.00 |
| 01/10/2012 | 166 | Sales | | -$38.70 |
| 01/10/2012 | 24 | Sales | | -$71.15 |
| 01/09/2012 | TFN0109 | Phone Withdrawal | | -$5.00 |
| 01/09/2012 | TFN0109 | Phone Withdrawal | | -$5.00 |

Inmate #: 95553004

2016-02-10 00:52 25570          9549419470 >>      918182911018                    P 1/15



Public Storage
601 E Sample Road
Pompano Beach, FL 33064-6162
Tel: (954) 784-5784



7192 4006 0010 1109 0791

**Important Account Activity**
Date: December 5, 2011
Re: Space No. 1003
Account Number: 14243160

Joseph Harvey
1835 NE Miami Gardens Dr # 361
Miami, FL 33179-5035

<u>**NOTICE OF ENFORCEMENT OF LIEN**</u>

Dear Tenant:

The Owner of the self-service storage facility has a lien upon all personal property located at the
self-service storage facility for rent, labor charges, or other charges, present or future, and for expenses
necessary for its preservation or expenses reasonably incurred in its sale or other disposition, and will
enforce the lien pursuant to the Florida Statutes Annotated § 83.801 et seq. The personal property
subject to the lien is briefly and generally described as follows: Bedding / Clothing; Boxes / Bags / Totes;
Furniture; Tools;

You owe and have not paid rent and other charges due for the use of the storage space noted above.
Your access to the referenced storage space and the personal property stored therein has been
denied pursuant to the referenced Statutes and your rental agreement.

As of the mailing date of this Notice, the charges due are as follows:

*Plaintiff did not owe for Oct.*

| Date Due | Description | Amount |
|---|---|---|
| 11/01/2011 | Rent | $210.00 |
| 11/01/2011 | Rent Tax | $12.60 |
| 12/01/2011 | Rent | $210.00 |
| 12/01/2011 | Rent Tax | $12.60 |
| 12/02/2011 | Late Fees | $92.00 |
| | TOTAL DUE | $537.20 |

Please note that charges and fees may continue to accrue up until the time of the sale. This balance
does not include amounts owed for any insurance coverage that may apply. If you purchased storage
insurance, it may have lapsed, and you must visit the storage facility to reinstate it.

The Owner hereby demands full payment for all charges due within 14 days after the mailing of this
notice. **UNLESS YOU PAY THE FULL AMOUNT DUE WITHIN THE TIME PERIOD STATED, THE
PERSONAL PROPERTY IN THE STORAGE SPACE WILL BE ADVERTISED FOR PUBLIC SALE, OR
OTHER DISPOSITION, AND WILL BE SOLD AT PUBLIC AUCTION AT THE STORAGE FACILITY,
OR OTHERWISE DISPOSED OF, ON 01/17/2012 AT 12:30 PM.**

Only your full payment of all present and future amounts due will stop this sale! A partial payment will not
stop the sale. You should know that personal property sold at a public sale usually sells for substantially
less than its replacement cost. If the proceeds of the sale do not satisfy the total amount you owe, you
will continue to be responsible for any remaining balance. If the remaining balance is not paid, it will be
referred to a collection agency and your credit may be adversely affected. You can avoid these actions,
and save your personal property from sale, by making full payment.

**Continued on back**                                              7192 4006 0010 1109 0791

**EXHIBIT**
Composite
A

25570 - Pompano Bch / E Sample Rd
801 E Sample Road
Pompano Beach, FL 33064-5162
Phone: 9547845784




Notes regarding:

Joseph Harvey (1003)
1835 NE Miami Gardens Dr #361
Miami, FL 33179
Phone: (786) 468-5991

## Ledger Notes
Generated: 03/01/2012 02:14:22 PM

| Date | Employee | Notes |
|------|----------|-------|
| Jan 24 2012 5:37PM | N. CEDILLO | Postal Inspector [Claudia Angel ] came in to pick up a blue plastic tote and 3 briefcases with papers that bidder from unit left in office |
| Jan 17 2012 2:13PM | K. STOOPS | Sold at auction today for $1750. |
| Jan 16 2012 11:20AM | L. FOSTER | DTM CALLS..See notes from 11/2/11, 11/28/11 and 12/26/11 Called H# n/a did not known..called A# phone still NIS.. |
| Jan 5 2012 4:39PM | L. FOSTER | CC..called see notes below.. |
| Jan 2 2012 4:16PM | L. FOSTER | Pre-lein calls..unable to contact tnt, see notes from 12/26/11 |
| Dec 29 2011 3:50PM | L. FOSTER | See notes below.. |
| Dec 26 2011 1:04PM | V. Gardner | Tnt called from the Federal Jail down in Miami again to let us know that it is his intention to send us a government check to pay for his unit. He is aware that his account will need to have a zero balance to stop the sale. The total he will be mailing in should include the cost of a new lock |
| Dec 19 2011 10:48AM | L. FOSTER | see notes below..unable to contact tnt..tnt is still in JAIL.. |
| Dec 12 2011 11:31AM | L. FOSTER | Round 2..we have not good #s for tnt..tnt is still in Jail.. |
| Dec 4 2011 10:16AM | K. STOOPS | Auction Date changed from Jan 1 2012 9:00AM to Jan 17 2012 12:30PM |
| Dec 3 2011 6:57AM | W. System | Unit added to unconfirmed auction on 01/01/2012 |
| Dec 1 2011 4:49PM | N. CEDILLO | CALLED H# 786-468-5991 AND OP SAYS THAT CALL CANNOT BE COMPLETED AS DIALED .....SEE NOTES BELOW |

*continued on next page...*

...Continued from page 1 - Ledger Notes

| Date | Employee | Notes |
|------|----------|-------|
| Nov 28 2011 10:11AM | L. FOSTER | Tnt called from Jail..he said he should be out by 2 weeks but he wanted to pay on the acct..gave him the 1-866-444-4747 to pay by phone.. |
| Nov 25 2011 6:05PM | L. FOSTER | Unable to contact tnt from the 7th until now..H# unable to contact..A# NIS.. |
| Nov 7 2011 2:45PM | L. FOSTER | Round 1 calls..called tnt H# recording said the person does not answer at this time please try again later..called A# phone NIS.. |
| Nov 2 2011 1:02PM | V. Gardner | US POSTAL INSPECTOR CHRISTINA ANGEL CALLED TO LET US KNOW THAT THEY ARE STILL TRYING TO FINALIZE THE SEARCH WARRANT |
| Oct 22 2011 2:56PM | N. CEDILLO | CONTACTED DM IN REGARDS TO ACCOUTN AND SHE STATED TO GO AHEAD AND OVERLOCK UNIT UNTIL INSPECTOR BRINGS IN THE PAPERWORK ON MONDAY AND WE WOULD GO FROM THERE |
| Oct 22 2011 2:46PM | N. CEDILLO | Claudia Angel { US Postal Inspector} 954-648-3766 and stated the same thing she told Cindy below and I gave her DM's office # and email address so that she can email her what is going on and to back up what she is saying |
| Oct 22 2011 2:23PM | C. CHINPINE | April Kennel called and her dad was on the other line.Tnt said he is currently out of the country and wants his lock cut.PM made him aware that he has to come into property,provide ID and sign lock cut form.Said he had look cut before and he never had to do that.Wants lock cut no matter what.Wants to know if power of attorney will work.Told her it will not.As per previous notes tnt is in jail.Will contact DM on this matter. |
| Oct 22 2011 1:27PM | C. CHINPINE | Claudia Angel US Postal Investigator called and said that tnt and his wife are under federal investigation and were arrested.Does not want anyone to have access to space because it's of interest to government.Disabled gatecode and will place OL on space.Investigator will be in sometime during the week and she will have someone fax over documents to support what she told us and why no one can access space.Her phone number is 954-648-3766 and she asked that we contact her if anyone tries to get access to space.Said the daughter may try and access space but they dont know if she has key and gatecode to unit.She said she will keep in touch. |
| Oct 6 2011 4:55PM | L. FOSTER | CC..called tnt H# n/a lmovm..called A# phone NIS... |
| Sep 19 2011 10:32AM | L. FOSTER | Round 3..called tnt H# n/a lmovm..called A# phone # is NIS... |
| Sep 12 2011 12:40PM | V. Gardner | RD2}--1-786-468-5991 LM/VM |
| Sep 5 2011 5:11PM | L. FOSTER | CC..called tnt H# n/a lmovm.. |
| Aug 19 2011 4:44PM | L. FOSTER | Round 2..Called tnt H# n/a lmovm..called A# phone is not in use.. |
| Aug 7 2011 12:47PM | L. FOSTER | Called tnt H# n/a lmovm, called A# phone NIS.. |
| Aug 3 2011 5:56PM | L. FOSTER | CC..called tnt H# n/a lmovm.. |
| Jul 20 2011 12:18PM | L. FOSTER | ROUND 3..Called tnt H# n/a lmovm, called A# phone NIS.. |
| Jul 13 2011 12:06PM | L. FOSTER | Round 2..late fee..called tnt H# n/a lmovm give PS a call back regarding the unit..called A# recording said the phone is not in use.. |

*continued on next page...*

Joseph Harvey 95553004
Federal Correctional Complex
Coleman Low - Dorm B2
PO Box 1031
Coleman, Fl. 33521

AN

TERR
DA

THE ENCLOSED LETTER WAS
PROCESSED THROUGH SPECIAL
MAILING. THE LETTER HAS BEEN
NEITHER OPENED OR INSPECTED.
IF THE WRITER RAISES A QUESTION
OR PROBLEM OVER WHICH THIS
FACILITY HAS JURISDICTION, YOU
MAY WISH TO RETURN THE MAIL
FOR FURTHER INFORMATION OR
CLARIFICATION. IF THE WRITER
ENCLOSES CORRESPONDENCE
FOR FORWARDING TO ANOTHER
ADDRESSEE, PLEASE RETURN THE
ENCLOSURE TO THE ABOVE
ADDRESSEE.

9/23/19
DATE          MAIL ROOM STAFF

U.S. District Court
Southern District of Florida
Office of the Clerk - Room 8N09
400 N. Miami Ave.
Miami, Fl. 33128

