UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-24012-CIV-ALTONAGA/Reid

JOSEPH HARVEY,

    Plaintiff,
v.

UNITED STATES OF AMERICA, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiff, Joseph Harvey's Motion for Reconsideration [ECF No. 157], filed June 24, 2020. Plaintiff seeks reconsideration of the Court's Order [ECF No. 154] adopting the Report of Magistrate Judge Screening Amended Complaint and Re: Defendants' Joint Motion to Dismiss [ECF No. 143]. For the foregoing reasons, the Motion is denied.

"The decision to grant or deny a motion for reconsideration is committed to the district court's sound discretion." *Pena v. United States Coast Guard Seventh Dist.*, No. 18-23188-Civ, 2019 WL 6210959, at *1 (S.D. Fla. Nov. 21, 2019) (citation omitted). "[T]here are three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (alteration added; citations omitted). It is "an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through — rightly or wrongly." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (citations omitted; alterations adopted).

Plaintiff requests the Court "reconsider part of its order that states [P]laintiff does not qualify for compensatory and punitive damages." (Mot. 1 (alteration added)). The Report concluded 42 U.S.C. section 1997e(e) of the Prison Litigation Reform Act (the "PLRA") precludes Plaintiff from recovering compensatory and punitive damages for his Fourth Amendment claim regarding the seizure of the storage unit. (*See* Report 44–46). The Court agreed. (*See* June 12, 2020 Order 5).

Presently, Plaintiff contends — for the second time — section 1997e(e) does not apply to his claim because the statute only applies in cases where the prisoner "is suing for mental and emotional injury," and he "is suing for deprivation of property." (Mot. 1). The Court disagrees, again.

"Section 1997e(e) unequivocally states that '*No* Federal Civil Action may be brought . . . ,' and 'no' means no. The clear and broad statutory language does not permit us to except any type of claims, including constitutional claims." *Harris v. Garner*, 216 F.3d 970, 984–85 (11th Cir. 2000) (alteration and emphasis in original; quoting 42 U.S.C. § 1997e(e); citations omitted). "This prohibition applies 'equally to all constitutional claims,' including 'those rarely accompanied by physical injury.'" *Carter v. Allen*, 762 F. App'x 827, 836 (11th Cir. 2019) (quoting *Al-Amin v. Smith*, 637 F.3d 1192, 1197 (11th Cir. 2011)); *see also, e.g.*, *Al-Amin*, 637 F.3d at 1197 ("[T]he PLRA encompasses all federal claims, including constitutional claims." (alteration added; citations omitted)); *Carter v. Allen*, 940 F.3d 1233, 1237–38 (11th Cir. 2019) (Martin, J., dissenting) (explaining the Eleventh Circuit has interpreted section 1997e(e) to "preclude compensatory and punitive damages for *any* claim absent physical injury." (emphasis in original; citations omitted)).

CASE NO. 15-24012-CIV-ALTONAGA/Reid

Plaintiff claims a violation of his Fourth Amendment rights under 42 U.S.C. section 1983. The Eleventh Circuit has made clear the PLRA's physical-injury requirement applies to Plaintiff's constitutional claim. Plaintiff is thus precluded from recovering compensatory and punitive damages unless he can demonstrate a (more than *de minimis*) physical injury, which Plaintiff does not allege. *See Brooks v. Warden*, 800 F.3d 1295, 1307 (11th Cir. 2015) ("Under the statute and our caselaw, an incarcerated[1] plaintiff cannot recover either compensatory or punitive damages for constitutional violations unless he can demonstrate a (more than *de minimis*) physical injury." (alteration added; citations omitted)).

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff, Joseph Harvey's Motion for Reconsideration **[ECF No. 157]** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 25th day of June, 2020.

*[signature]*
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   Plaintiff, Joseph Harvey, *pro se*
      counsel of record
      Magistrate Judge Lisette M. Reid

---

[1] Plaintiff was a confined prisoner when he initiated this suit. *See Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc) ("We granted rehearing en banc . . . to decide whether [42 U.S.C. section 1997e(e)] applies to lawsuits that are filed while the plaintiff is a confined prisoner but which are not decided until after he is released from confinement. We hold it does." (alterations added)).