UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-CV-24012-ALTONAGA
MAGISTRATE JUDGE REID

JOSEPH HARVEY,

    Plaintiff,

v.

CLAUDIA ANGEL, et al.,

    Defendants.
_____/

## ORDER SCHEDULING PRETRIAL PROCEEDINGS

Plaintiff in this case is *pro se*, so that it may be difficult for either Plaintiff or the Defendant to comply fully with the pretrial procedures required by Local Rule 16.1 of this Court. However, Fed. R. Civ. P. 1 requires a "just, speedy, and inexpensive determination of every action." To accomplish this purpose, it is thereupon

ORDERED AND ADJUDGED as follows:

1. **Discovery Period.** All methods for disclosures and discovery, provided for under Rules 26, *et seq*. of the Federal Rules of Civil Procedure, shall be completed by **October 31, 2020**. This shall include all motions relating to discovery. The parties may stipulate, without court approval, to extend a deadline for responding to a specific discovery request or for making a Fed. R. Civ. P. 26

disclosure if the extension does not interfere with the time set for completing discovery, submitting or responding to a motion, or for trial. *See* Fed. R. Civ. P. 29; S.D. Fla. Loc. R. 26.1(a). If an extension of time requires court approval, no extension will be granted except for good cause and upon a showing of diligence during the initial discovery period. *See* Fed. R. Civ. P. 6(b). The filing of motions shall not operate to toll or extend the discovery cut-off dates set forth in this paragraph.

    2.    **Mandatory Disclosure of Documents and Other Materials.**

Plaintiff in this case is proceeding *pro se*. Although civil actions brought by *pro se* litigants are ordinarily exempt from initial disclosures under Fed. R. Civ. P. 26(a)(1)(B)(iv), the district court has the authority to otherwise order the parties to participate in discovery and produce initial disclosures, even if such a case is within the exempt category. *See* Fed. R. Civ. P. 26(a)(1)(A); *Ray v. Equifax Info. Services, LLC,* 327 F. App'x 819, 824 (11th Cir. 2009). Thus, the parties **SHALL**:

    A.    Within **thirty (30) days** of the date of this Order, on or before **July 31, 2020**, confer, either telephonically or in person, to consider the nature and basis of their claims and defenses and discuss the possibility of a prompt settlement or resolution of the case. The parties shall jointly file a notice of compliance with the Court verifying that they have conferred and advising the Court of the likelihood

2

of settlement. The parties shall also verify that they have complied with the initial production of documents mandated in paragraph 2B.

      B.    Within **twenty-one (21) days** of the date of this Order, on or before **July 21, 2020**, and without waiting for a discovery request, the parties are ORDERED to provide to the other party:

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment; [and]
>
> (ii) **a copy**—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment; . . .

*See* Fed. R. Civ. P. 26(a)(1)(A)(i)-(ii) (eff. Dec. 1, 2018) (emphasis added). The Advisory Committee Notes explains that the term "use" is intended to "include any use at a pretrial conference, to support a motion, or at trial . . . [and] is triggered by intended use in discovery, apart from use to respond to a discovery request . . ." Adv. Com. Notes, 2000 Amendment, Fed. R. Civ. P. 26. "The disclosure obligation applies to 'claims and defenses,' and therefore requires a party to disclose information it may use to support its denial or rebuttal of the allegations, claim, or defense of another party." Adv. Com. Notes, 2000 Amendment, Fed. R. Civ. P. 26

3

(citations omitted) (emphasis added). Rule 26(a)(1)(A) was not altered by subsequent amendments.

While not exhaustive, such initial disclosures may include documents relating to (1) grievances, appeals, and similar documents that relate to requests for administrative remedies filed by Plaintiff and that relate to the claims and/or defenses raised in this proceeding; (2) complaints and petitions filed by Plaintiff in any other case in any court relating to the same or similar issues raised in this action or, a list of each such case stating the court in which it was filed, the case number, and its disposition; (3) identification of all employees and/or officers of governmental entities, and/or employees and/or officers of private entities contracting with any governmental entity, who were present during the incidents underlying the claims raised in this action; (4) subject to any appropriate redaction, copies of all incident reports, witness statements, and/or similar documents, including any related photographs, relating to the claims raised in this action; and, (5) identification of and production of any related reports regarding any employment-related proceeding, whether administrative, civil, criminal, or otherwise, in which the Defendant was punished, disciplined, prosecuted, or otherwise subjected to remedial action, in connection with the Defendant's

participation in the same or similar conduct that allegedly violated Plaintiff's federal rights in this action.

    3.    **Objections and Discovery Motions.**

        A.    In making objections to discovery requests or any interrogatories, the objection shall state with specificity all grounds for non-disclosure. S.D. Fla. Loc. R. 26.1(e)(2)(A). Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived. S.D. Fla. Loc. R. 26.1(e)(2)(A).

        B.    Any motion to compel discovery must comply with the Federal Rules of Civil Procedure and this Court's Local Rules. Thus, parties must attempt to resolve the discovery dispute in good faith before filing such a motion. Fed. R. Civ. P. 37(a). The fact that Plaintiff is in custody shall not excuse Plaintiff or Defendant(s) of the obligation to attempt in good faith to resolve the dispute. Additionally, the Court will not review the merits of any motion to compel if a party fails to properly serve its discovery requests in conformity with Fed. R. Civ. P. 5 or Fed. R. Civ. P. 45, whichever is applicable. The parties are cautioned that if they fail to cooperate in discovery, sanctions may be imposed on the recalcitrant party. *See* Fed. R. Civ. P. 37.

      C.     Any motion for a protective order must comply with the Federal Rules of Civil Procedure and this Court's Local Rules.

      D.     Any assertion of privilege must comply with the Federal Rules of Civil Procedure and this Court's Local Rules.

      E.     Neither party may propound discovery on an opposing party by filing discovery requests through the CM/ECF system in this case, or by mailing their discovery requests to the Clerk. Similarly, discovery materials (e.g., deposition transcripts, responses to production requests, etc.) may not be filed with the Clerk. Thus, discovery requests or materials **may NOT be filed with the Court** unless they are needed to resolve a motion (e.g., motion for summary judgment, motion to compel, etc.). *See* S.D. Fla. Loc. R. 26.1(b).

      F.     Any pleading, motion, memorandum, or other filing submitted to the Court for consideration must include a certificate stating that a true and correct copy of the pleading, motion, memorandum, or other filing was mailed to the opposing party and the date upon which it was mailed. All pleadings, motions, memoranda, or other papers filed with the clerk and must include a certificate of service or they will be disregarded by the Court. *See generally* Fed. R. Civ. P. 5.

    4.    **Discovery Obligations.** The parties have a continuing duty to disclose to opposing parties any documents and/or information within the scope of this Order

6

that are discovered and/or obtained after any initial disclosures made under this order. *See* Fed. R. Civ. P. 26(e).

5. **Joinder/Motion to Amend**. All motions to join additional parties or amend the pleadings shall be filed by **July 31, 2020**.

6. **Dispositive Motions.** All motions to dismiss and/or for summary judgment shall be filed by **November 14, 2020**.

7. **Plaintiff's Pretrial Statement.** On or before **October 31, 2020,** Plaintiff must file with the Court and serve on Defendant(s) a "Pretrial Statement." The Pretrial Statement shall contain the following information:

    A. A brief general statement of what the case is about;

    B. A written statement of the facts that will be offered by oral or documentary evidence at trial; this means that Plaintiff must explain what he intends to prove at trial and how he intends to prove it;

    C. A list of all exhibits to be offered into evidence at the trial of the case;

    D. A list of the full names and addresses of places of employment for all the non-inmate witnesses that Plaintiff intends to call (Plaintiff must notify the Court of any changes in their addresses);

    E. A list of the full names, inmate numbers, and places of incarceration of all the inmate witness that Plaintiff intends to call (Plaintiff must notify the Court of any changes in their places of incarceration); and

    F. A summary of the testimony that Plaintiff expects each of his witnesses to give.

  8. **Defendant(s)' Pretrial Statement.** On or before **October 31, 2020,** Defendant(s) shall file and serve upon Plaintiff a Pretrial Statement. Defendant(s)' pretrial statement must contain the same information in paragraph 7, above.

  9. **Mediation**. The parties are required to participate "in a good faith effort," in a "mandatory mediation," pursuant to S.D. Fla. Loc. R. 16.2(a), (c). Under Local Rule 16.2(d)(4), the presiding judge may exempt or withdraw any civil action from mediation "upon application of a party and/or determination for any reason that the case is not suitable for mediation." *See Abele v. Hernando County,* 151 F. App'x 809, 813 (11th Cir. 2005).

  The purpose of mediation is to facilitate resolution of civil cases before trial, resulting in a saving of time and costs to the litigants and the court, and enables "litigants to take control of their dispute and encourages amicable resolution of disputes." *See* S.D. Fla. Loc. R. 16.2(a)(2). Thus, mediation in this case must be

completed **no later than sixty days before the scheduled trial date**. *See* S.D. Fla. Loc. R. 16.2(d)(1)(A).

      10.    **<u>Failure to File Pretrial Statement.</u>** The failure of either party to timely file a pretrial statement may result in dismissal of the case for failure to prosecute and/or failure to comply with a court order.

DONE AND ORDERED at Miami, Florida this 30th day of June, 2020.

                                          s/Lisette M. Reid
                                          UNITED STATES MAGISTRATE JUDGE

cc:    Joseph Harvey
       1804 Hancock Ave
       Norfolk, VA 23509
       PRO SE

       Karin D. Wherry
       United States Attorney's Office
       99 NE 4 Street
       Miami, FL 33132
       305-961-9016
       Fax: 530-7139
       Email: karin.wherry@usdoj.gov