UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-CV-24012-ALTONAGA
MAGISTRATE JUDGE REID

JOSEPH HARVEY,

      Plaintiff,

v.

CLAUDIA ANGEL, et al.,

      Defendants.

_____/

## AMENDED ORDER SCHEDULING PRETRIAL PROCEEDINGS WHEN PLAINTIFF IS PROCEEDING PRO SE

Plaintiff's appeal has been dismissed by the Eleventh Circuit, and the case has been reopened. [ECF Nos. 166, 167]. Consequently, the initial pretrial scheduling order, pending at the time the case was initially closed, must be amended. It is therefore

**ORDERED AND ADJUDGED** as follows:

1.    **Discovery Period.** All methods for disclosures and discovery, provided for under Rules 26 *et seq*. of the Federal Rules of Civil Procedure, shall be completed by **November 30, 2020.** This shall include all motions relating to discovery. The parties may stipulate, without court approval, to extend a deadline for responding to a specific discovery request or for making a Fed. R. Civ. P. 26 disclosure if the

extension does not interfere with the time set for completing discovery, submitting or responding to a motion, or for trial. *See* Fed. R. Civ. P. 29; S.D. Fla. L.R. 26.1(a). If an extension of time requires court approval, no extension will be granted except for good cause and upon a showing of diligence during the initial discovery period. *See* Fed. R. Civ. P. 6(b). The filing of motions *shall not* operate to toll or extend the discovery cut-off dates set forth in this paragraph.

2.     **Mandatory Disclosure of Documents and Other Materials.** Pursuant to Fed. R. Civ. P. 26(a)(1)(A), the Court may order the parties to participate in discovery and produce initial disclosures in this matter. Thus:

A.     Within **forty-five (45) days** of the date of this Amended Order, the parties must confer, either telephonically or in person, to consider the nature and basis of their claims and defenses and discuss the possibility of a prompt settlement or resolution of the case. Once the parties have completed this conference, they shall jointly file a notice of compliance with the Court that verifies that they have conferred and advises the Court of the likelihood of settlement. Furthermore, once the parties have complied with the initial production of documents mandated in paragraph 2B, below, they shall jointly file notice of the same.

B.     Within **thirty (30) days** of the date of this Amended Order, the parties **SHALL** exchange the following discovery:

2

1)      All grievances, appeals, and similar documents that relate to requests for administrative remedies by Plaintiff and that relate to the claims and/or defenses raised in this proceeding.

2)      Complaints and petitions filed by Plaintiff in any other case in any court relating to the same or similar issues raised in this action or, if Plaintiff does not possess such documents, a list of each such case stating the court in which it was filed, the case number, and its disposition.

3)      Defendant(s) shall produce to Plaintiff any reports or similar documents of any disciplinary proceedings involving Plaintiff that relate to the claims raised in this action.

4)      Defendant(s) shall, to the extent feasible, identify all employees and/or officers of governmental entities, and/or employees and/or officers of private entities contracting with any governmental entity, who were present during the incidents underlying the claims raised in this action.

5)      Subject to any appropriate redaction, Defendant(s) shall produce all incident reports, use-of-force reports, witness statements, injury reports, and/or similar documents, including any related photographs, relating to the claims raised in this action.

6)      Defendant(s) shall produce to Plaintiff records of any and all medical consultation, diagnosis, services, and/or treatment[1] provided to Plaintiff relating to the claims raised in this action. Furthermore, if Defendant(s) seek(s) to rely on any pre-existing medical condition(s) of Plaintiff as a defense to any claim raised by Plaintiff, Defendant(s) shall produce all such records relating to such pre-existing condition(s) generated during the period of incarceration.

7)      Identify any employment-related proceeding, whether administrative, civil, criminal, or otherwise, in which any Defendant was punished, disciplined, prosecuted, or otherwise subjected to remedial action, in connection with that Defendant's participation in the same or similar conduct that allegedly violated Plaintiff's federal rights in this action. This identification shall include the production of any related reports or similar documents, subject to any appropriate redaction. Further, this identification shall include the production of a reasonably detailed description of the proceeding, any relevant dates, and its disposition.

---

[1] If the documents which Defendant(s) are required to produce include Plaintiff's "protected health information" within the scope of the Health Insurance Portability and Accountability Act of 1996, Pub. L. 104-191 ("HIPAA") and 45 C.F.R. §§ 160.103 and 154.512(e)(1), the custodians of such medical records are hereby authorized to release "protected health information" and "protected mental health information" without authorization from Plaintiff for the sole purpose of providing copies to Defendant(s). Defendant(s) may use such documents only in the defense of this action. Where appropriate, the parties must comply with any applicable rules governing the sealing and redacting of court records.

3.    **Objections and Discovery Motions.**

A.    In making objections to discovery requests or any interrogatories, the objection shall state with specificity all grounds for non-disclosure. S.D. Loc. R. 26.1(e)(2)(A). Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived. S.D. Loc. R. 26.1(e)(2)(A).

B.    Any motion to compel discovery must comply with the Federal Rules of Civil Procedure and this Court's Local Rules. Thus, parties must attempt to resolve the discovery dispute in good faith before filing such a motion. Fed. R. Civ. P. 37(a). The fact that Plaintiff is in custody shall not excuse Plaintiff or Defendant(s) of the obligation to attempt in good faith to resolve the dispute. Additionally, the Court will not review the merits of any motion to compel if a party fails to properly serve its discovery requests in conformity with Fed. R. Civ. P. 5 or Fed. R. Civ. P. 45, whichever is applicable.

C.    Any motion for a protective order must comply with the Federal Rules of Civil Procedure and this Court's Local Rules.

D.    Any assertion of privilege must comply with the Federal Rules of Civil Procedure and this Court's Local Rules.

5

E.     Neither party may propound discovery on an opposing party by filing discovery requests through the CM/ECF system in this case, or by mailing their discovery requests to the clerk. Similarly, discovery materials (e.g., deposition transcripts, responses to production requests, etc.) may not be filed with the clerk. Thus, discovery requests or materials **may NOT be filed with the Court** unless they are needed to resolve a motion (e.g., motion for summary judgment, motion to compel, etc.). *See* S.D. Fla. L.R. 26.1(b).

F.     Any pleading, motion, memorandum, or other filing submitted to the Court for consideration must include a certificate stating that a true and correct copy of the pleading, motion, memorandum, or other filing was mailed to the opposing party and the date upon which it was mailed. All pleadings, motions, memoranda, or other papers filed with the clerk and must include a certificate of service or they will be disregarded by the Court. *See generally* Fed. R. Civ. P. 5.

4.     **Discovery Obligations.** The parties have a continuing duty to disclose to opposing parties any documents and/or information within the scope of this Order that are discovered and/or obtained after any initial disclosures made under this order. *See* Fed. R. Civ. P. 26(e).

6

5.      **Joinder/Motion to Amend**

All motions to join additional parties or amend the pleadings shall be filed by **December 14, 2020**.

6.      **Dispositive Motions.** All motions to dismiss and/or for summary judgment shall be filed by **January 7, 2021**.

7.      **Plaintiff's Pretrial Statement.** On or before **January 18, 2021**, Plaintiff must file with the Court and serve on Defendant(s) a "Pretrial Statement." The Pretrial Statement shall contain the following information:

A.      A brief general statement of what the case is about;

B.      A written statement of the facts that will be offered by oral or documentary evidence at trial; this means that Plaintiff must explain what he intends to prove at trial and how he intends to prove it;

C.      A list of all exhibits to be offered into evidence at the trial of the case;

D.      A list of the full names and addresses of places of employment for all the non-inmate witnesses that Plaintiff intends to call (Plaintiff must notify the Court of any changes in their addresses);

E.     A list of the full names, inmate numbers, and places of incarceration of all the inmate witness that Plaintiff intends to call (Plaintiff must notify the Court of any changes in their places of incarceration); and

F.     A summary of the testimony that Plaintiff expects each of his witnesses to give.

8.     **Defendant(s)' Pretrial Statement.** On or before **January 29, 2021**, Defendant(s) shall file and serve upon Plaintiff a Pretrial Statement. Defendant(s)' pretrial statement must contain the same information in paragraph 7, above.

9.     **Failure to File Pretrial Statement.** The failure of either party to timely file a pretrial statement may result in dismissal of the case for failure to prosecute and/or failure to comply with a court order.

**DONE AND ORDERED** at Miami, Florida this 4th day of September, 2020.

s/Lisette M. Reid
UNITED STATES MAGISTRATE JUDGE

Copies furnished:

Joseph Harvey
1804 Hancock Ave
Norfolk, VA 23509
PRO SE

Karin D. Wherry
United States Attorney's Office
99 NE 4 Street

Miami, FL 33132
305-961-9016
Fax: 530-7139
Email: karin.wherry@usdoj.gov